NISSEN FOODS (USA) CO., INC.

v.

NATIONAL LABOR RELATIONS BOARD and Peter W. Hirsch, Regional Director For the Fourth Region, National Labor Relations Board.

Civ. A. No. 81–2961.

United States District Court,
E. D. Pennsylvania.

June 3, 1982.

Gary D. Melchionni, Lancaster, Pa., for plaintiff.

Aileen A. Armstrong, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Leonard Leventhal, Reg. Atty., N.L.R.B., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Allegations by plaintiff that defendant, National Relations Labor Board (NLRB or Board) knowingly instituted meritless unfair labor practice charges previously formed the basis of a request for temporary injunctive relief which sought to enjoin the Board from convening a hearing to consider the charges. Finding that plaintiff had failed to demonstrate irreparable harm and, upon reconsideration, that the Court lacked jurisdiction, we dismissed the complaint. *Nissen Foods (USA) Co., Inc. v. NLRB*, 515 F.Supp. 1154 (E.D.Pa.1981). Plaintiff then instituted this suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), (FOIA), seeking statements of witnesses and documents which formed the basis of comments made by a Board attorney, Francis Hoeber, who purportedly admitted that the unfair labor practice charges against plaintiff were without merit. Additionally,

plaintiff seeks information regarding the basis of defendant, NLRB Regional Director, Peter Hirsch's statements to a newspaper that the NLRB "found" violations of federal labor law at plaintiff's plant. Finally, plaintiff seeks documents regarding the Board's investigation and preparation of the unfair labor practice charges. Defendant, arguing that the requested material falls within various FOIA exemptions and that it need not be produced, moves for summary judgment.

We begin our analysis of the issues presented with the observation that the FOIA seeks to ensure disclosure, and not suppression, of information, *Department of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976); *Joseph Horne Co. v. National Labor Relations Board*, 455 F.Supp. 1383 (W.D.Pa.1978), and that all of the exemptions are subject to a narrow construction. *Kuehnert v. FBI*, 620 F.2d 662, 665 (8th Cir. 1980); *Hinton v. Federal Bureau of Investigation*, 527 F.Supp. 223, 225 (E.D.Pa.1981). This precept guides our inquiry as we test the validity of defendant's refusal to disclose the requested information.

Plaintiff's request seeks, *inter alia*, information which the NLRB compiled during an investigation of the events which gave rise to the filing of unfair labor practice charges. This information is exempt under Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), since the parties have informed us that the unfair labor practice hearing is currently in recess. These records, used for "law enforcement purposes", 5 U.S.C. § 552(b)(7)(A), relate to "some type of formal proceeding . . . one that is pending". *Committee on Masonic Homes, Inc. v. NLRB*, 556 F.2d 214, 219 (3d Cir. 1977); *Roger J. Au & Son, Inc. v. NLRB*, 538 F.2d 80, 83 (3d Cir. 1976); *Joseph Horne Co. v. NLRB*, 455 F.Supp. at 1386. As such, they are protected from release prior to the "*completion* of an actual . . . enforcement proceeding". *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 232, 98 S.Ct. 2311, 2322, 57 L.Ed.2d 159 (1978) (emphasis added). Even if this information were summarized in a new document for non-law enforcement purposes, it would nevertheless

continue to meet the threshold requirements of Exemption 7. *Federal Bureau of Investigation v. Abramson,* —— U.S. ——, ——, 102 S.Ct. 2054, 2064, 72 L.Ed.2d 376, (1982). The documents, if released under the FOIA, could lead to witness intimidation and permit respondent in the NLRB proceeding (plaintiff here) to construct defenses which would allow violations to go unremedied. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. at 239–41, 98 S.Ct. at 2325–26. *See also, Local 30, United States Tile and Composition Workers v. National Labor Relations Board,* 408 F.Supp. 520, 527 (E.D.Pa.1973).

Because we conclude that witness statements are protected by Exemption 7(A), we need not address the defendant's contention that application Exemptions 7(C) and (D) would yield a similar conclusion.

▪ Plaintiff also seeks documents and records which formed the basis of Hoeber's statements to an inquiring attorney [1] that some of the unfair labor charges against plaintiff were "probably not meritorious at all".

Defendant's refusal to comply with plaintiff's request is grounded in Exemption 5, 5 U.S.C. § 552(b)(5) which protects

> inter-agency or intra-agency memorandums of letters which would not be available by law to a party other than an agency in litigation with the agency.

Congress specifically had the government's "executive privilege" in mind when drafting this exemption, *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) as well as a desire to protect an attorney's "work product". *Id.* at 154, 95 S.Ct. at 1518.

The "work product" exception is particularly applicable here since the notes, interview statements, mental impressions, etc., of NLRB attorneys were compiled in anticipation of litigation by an agency whose "basic function" is to litigate. *Kent Corp. v. NLRB,* 530 F.2d 612, 623 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976).

▪ Claims of executive privilege under the FOIA are upheld where the requestor seeks pre-decisional inter- and intra-office memoranda. However, where an agency has arrived at its final opinion, its so-called working law, disclosure is warranted. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. at 150–53, 95 S.Ct. at 1516–17; *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C.Cir.1980). Plaintiff, recognizing the pre-decisional nature of the documents which it currently seeks, does not appear to contest the propriety of defendant's assertion of executive privilege; rather, it argues that Hoeber's statements to the inquiring attorney and Hirsch's comments to a newspaper *waived* the privilege.

The leading case on waiver of the FOIA's executive privilege, *North Dakota ex rel. Olson v. Andrus,* 581 F.2d 177 (8th Cir. 1978), held that where an agency discloses the sought-after information in response to a discovery request in unrelated litigation, the privilege is waived. The information there at issue was the administration's water policy; it had previously been released to the Audubon Society, an organization whose interests were adverse to those of plaintiff, State of North Dakota. In ordering disclosure, the court observed that Exemption 5 does not protect discoverable material. *Id.* at 180. Since the sought-after information was obtained during discovery in unrelated litigation, the court reasoned that general disclosure was now appropriate since "selective disclosure . . . is offensive to the underlying purposes of the FOIA". 581 F.2d at 182.

▪ Importantly, the scope of any waiver of executive privilege is defined by, and co-extensive with, the breadth of the prior disclosure. Hence, the court in *North Dakota ex rel. Olson v. Andrus, supra,* required defendant to make "the same type of disclosure . . . to the State of North Dakota as had been . . . made to the . . . National Audubon Society". 581 F.2d at 181, *Accord, Peck v. United States,* 514 F.Supp. 210, 212 (S.D.N.Y.1981) ("Volun-

---

1. The attorney, who called on behalf of the plaintiff at the request of its West Coast counsel, told Hoeber that he was not formally repre- senting Nissen Foods. *See* Complaint, exhibit A.

tary disclosure of a *significant part* of the privileged communications may waive the privilege".) (emphasis added).

Here, the only disclosures made were of a limited nature.[2] They did not reveal the specific contents of withheld documents. In fact, the attorney with whom Hoeber discussed the case and purportedly admitted the meritless nature of the charges, specifically denied that a disclosure with particularity had taken place. He observed only that Hoeber had "hinted broadly that several claims were probably not meritorious". Moreover, the conversations with Hoeber were viewed as "settlement talk".[3] Additionally, Hoeber's statements were made to a party who called on plaintiff's behalf. *North Dakota ex rel. Olson, supra,* is inapposite to the case at bar since there a waiver was found upon disclosure, through discovery, to a party with interests antagonistic to those of plaintiff. Moreover, the information there released was of a specific, detailed nature. Accordingly, plaintiffs are simply not entitled to all documents and records which formed the basis of Hoeber's statements.

*American Mail Line, Ltd. v. Gulick,* 411 F.2d 696 (D.C.Cir.1969) also fails to support plaintiff's contention of a waiver. There the court ruled that a waiver had taken place where the government incorporated an exempt document into a final agency decision which was then made public. Clearly, no such documentary release has occurred in this case at bar.

Plaintiff has failed to cite any authority where general statements by an agency official to either an attorney or a newspaper served as the basis for the release of intra-agency memoranda. As defendant points out, such a holding would prevent, or at least inhibit, Board agents from informally discussing a pending matter with anyone, including parties to the proceeding.

■ Plaintiff's additional points need not detain us long. Contending that the Board has concluded two of the unfair labor practice charge investigations of its plant, plain-

tiff argues that the facts underlying those investigations are subject to disclosure. We disagree because the dismissed charges are "factually related" to the pending ones. *New England Medical Center Hospital v. NLRB,* 548 F.2d 377, 385 (1st Cir. 1976).

Plaintiff also seeks an *in camera* inspection of the requested documents. Since this is discretionary and we do not believe that such an inspection would aid us in our decision, we deny the request. An appropriate order will issue.

### ORDER

AND NOW, this 3rd day of June, 1982, IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

---

2. *See* Exhibits "A", "B", and "C" of plaintiff's complaint.

3. *See* Complaint Exhibit A.