**UNITED STATES STUDENT ASSOCIATION, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**Civ. A. No. 82–1686.**

United States District Court, District of Columbia.

Oct. 25, 1985.

David L. Sobel, Dobrovir, Oakes & Gebhardt, Washington, D.C., for plaintiff.

Richard A. Stanley, Asst. U.S. Atty., Washington, D.C., for defendant.

## OPINION

JUNE L. GREEN, District Judge.

This matter comes before the Court on the defendant's motion for summary judgment regarding the plaintiff's request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982); the plaintiff's opposition thereto; the defendant's reply; supplemental briefings on the motion by both parties; affidavits submitted by both parties; and the entire record herein. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

### I. *Statement of Facts*

The above-styled action arises out of the United States Student Association's ("USSA") 1977 request for disclosure of all records in the possession of the Central Intelligence Agency ("CIA"), concerning the United States National Student Association ("USNSA"), the predecessor organization to the USSA. Defendant's Statement of Material Facts ¶ 1. From 1952 to 1967 a covert relationship existed between the USNSA and the CIA. During that period, the CIA secretly funded the USNSA and made occasional "operational use" of individual students. Following public disclosure of this relationship in February 1967, the CIA and the USNSA officially terminated their association. Plaintiff's

Opposition to Defendant's Motion for Summary Judgment at 2–3.

After delays due to negotiations regarding fees, the scope of the request and a FOIA request backlog, the USSA filed suit for injunctive relief. Defendant's Statement of Material Facts ¶¶ 2–9. By Court stipulation approved on July 30, 1982, the CIA agreed to release certain unclassified documents, file a *Vaughn* affidavit (affidavit of Louis J. Dube, Information Review Officer for the Directorate of Operations, CIA), and the first installment of a *Vaughn* index.[1] The CIA also agreed to file additional installments of the *Vaughn* Index on a monthly basis until all documents were so indexed. Finally, the CIA agreed to file additional affidavits or indexes if necessary. *Id.* ¶ 10.

The eighth and final *Vaughn* Index installment was made on April 6, 1983. *Id.* ¶ 28. Of the 1,484 documents at issue (30 of the 1,514 documents were stipulated out of the case on August 13, 1982), 121 were released to the USSA in whole or in part. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 3.

By order, the defendant submitted to the Court an unexpurgated copy of every twenty-fifth document it had indexed in this action for an *in camera* and *ex parte* inspection. Defendant's Statement of Material Facts ¶ 34. Thereafter, on August 15, 1983, the Court concluded that the defendant was not withholding any officially acknowledged information and, accordingly, denied the plaintiff's motion to compel discovery. *Id.* at ¶ 35.

The CIA now moves for summary judgment, asserting that they have complied fully with the USSA's information request, save the information properly withheld pursuant to certain FOIA exemptions, 5 U.S.C. § 552; Exemption (b)(1) (to protect classified material); Exemption (b)(3) (to protect intelligence sources and methods); Exemption (b)(5) (to protect predecisional privileged information); and Exemption (b)(6)

(to protect personal and other files for privacy reasons). The USSA opposes the CIA's motion on the grounds that (a) the affidavit of Louis J. Dube is defective, and (b) that the CIA has failed to carry its burden of justifying the withholding of information requested by the USSA under the FOIA.

This action was stayed by Court order on October 2, 1984, pending a decision by the Supreme Court in *Sims v. Central Intelligence Agency,* —— U.S. ——, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985). Following the Supreme Court's ruling in *Sims* on April 16, 1985, the parties submitted additional briefings on the applicability of the *Sims* decision to the issues before the Court.

## II. Conclusions of Law

### A. The Sufficienty of the Dube Affidavit

■ Louis J. Dube's affidavit, executed on September 7, 1982, in conjunction with the first installment of the *Vaughn* Index, and incorporated into the defendant's motion for summary judgment by reference, constitutes the primary support of that motion. At the time Mr. Dube executed the affidavit, he had personally reviewed only 186 of the 1,484 documents at issue. Thus, the plaintiff contends that Dube's affidavit fails the Fed.R.Civ.P. 56(e) "personal knowledge" standard as to the remaining 1,328 documents not included in the first *Vaughn* installment. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 4–5.

The plaintiff's narrow view of the Dube affidavit is unconvincing. The Stipulation of July 30, 1982 ("Stipulation") provided, *inter alia,* "On September 7 1982, defendant CIA shall file an appropriate full *Vaughn* affidavit ... that will provide the general rationale for whichever exemptions might be claimed for virtually any or all of the documents being processed...." Stipulation ¶ 2. For specific document-by-document review and exemption claims the "CIA shall subsequently on a monthly ba-

---

1. An index of withheld documents detailing the justification for exemption claims is required under *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

sis ... file additional installments of the *Vaughn* index...." Stipulation ¶ 3. The CIA acted in full compliance with the Stipulation.

The Dube affidavit restates the principles incorporated in the Stipulation, "[T]his affidavit will set forth the justifications upon which the CIA intends to rely in making deletions or denials as reflected in each index installment." Dube Affidavit ¶ 5. Further, the affidavit "address[ed] and ... incorporate[d] each and every monthly installment of the Index...." Dube Affiavit ¶ 2. Moreover, each monthly installment of the *Vaughn* Index explicitly referred back to the Dube affidavit for the rationales for withholding.

The plaintiff's FOIA request covered a period from January 1, 1945 to the present, involving thousands of documents. The disclosure scheme envisioned by the Stipulation was designed to respond to the plaintiff's extensive document request in the most efficient, expeditious manner. Rather than restate the justifications for withholding certain documents in each monthly installment, the indexes were carefully cross-referenced with the Dube affidavit.[2] *See, e.g., USSA v. CIA Document Disposition Index.* In addition, the Stipulation provided that additional affidavits would be filed if the CIA's document-by-document review revealed justifications not addressed in Mr. Dube's general affidavit. Stipulation ¶¶ 2, 7.

Moreover, the Court finds the supplemental affidavit of Louis J. Dube ("Supp. Affidavit"), filed on June 29, 1984, conclusive. Mr. Dube addresses himself to the present confusion:

> The general justifications for denial set forth in my original affidavit were never intended to be an exhaustive list of all categories of information contained in the 1,514 documents. Rather, if I discovered new information as my review of each installment progressed, I fully in-

tended to submit a supplemental affidavit explaining any new rationale for withholding. Ultimately, I did not discover any new categories of information not covered by my original affidavit. The fact remains that ... I reviewed every single one of the documents at issue and made my determinations to withhold or release accordingly.

Supp. Affidavit ¶ 3.

The Court's reliance on Mr. Dube's supplemental affidavit is proper under Fed.R. Civ.P. 56(e) ("The court may permit affidavits to be supplemented ... by ... further affidavits."); *see also Ray v. Turner,* 468 F.Supp. 730, 735 (D.D.C.1979) (adequacy of supplemental affidavit). Based on Mr. Dube's supplemental affidavit and the explicit incorporation of the Dube affidavit in each monthly index installment, the Court finds that Mr. Dube's "personal knowledge" extended to all 1,484 documents reviewed, in accordance with Fed.R.Civ.P. 56(e).

## B. *The FOIA Exemptions*

The CIA claims that either of two FOIA exemptions—Exemption 1, covering classified material, and Exemption 3, covering material which other statutes expressly protect from disclosure—supports its decision to withhold most of the requested documents. Other documents or portions of documents have been withheld under Exemptions 5 and 6 of the FOIA, 5 U.S.C. §§ 552(b)(5) and (6). Exemption 5 protects from disclosure communications that are deliberative in nature or predecisional and, thus, privileged. Exemption 6 exempts from disclosure information, the disclosure of which would constitute a clearly unwarranted invasion of a person's privacy.

### *Exemption 1*

Exemption 1 of the FOIA protects from disclosure matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the

---

**2.** The use of coded indexes has been accepted generally by the courts. *See, e.g., Scherer v. Kelly,* 584 F.2d 170 (7th Cir.1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778

(1979); *Burbar v. Department of Justice,* 3 GDS ¶ 82,477 (D.D.C.1982); *Agee v. Central Intelligence Agency,* 517 F.Supp. 1335 (D.D.C.1980).

interest of the national defense and . . . are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). On April 2, 1982, President Reagan issued a new Executive Order on National Security Information, No. 12356, 47 *Fed.Reg.* 14874. The order became effective on August 1, 1982. *Id.* at 14884.

In determining whether an agency has withheld information properly pursuant to Exemption 1, the Court must "determine the matter de novo." 5 U.S.C. § 552(a)(4)(B); *see Miller v. Casey*, 730 F.2d 773, 776 (D.C.Cir.1984). Because "'[e]xecutive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] might occur as a result of public disclosure,'" however, courts are required to "'accord substantial weight to an agency's affidavit concerning the details of the classified status of a disputed record.'" *Salisbury v. United States*, 690 F.2d 966, 970 (D.C.Cir.1982) (quoting S.Rep. No. 1200, 93d Cong., 2d Sess. 12 (1974) (conference report)), U.S.Code Cong. & Admin. News 1974, pp. 6267, 6290; *accord Abbots v. Nuclear Regulatory Commission*, 766 F.2d 604, 606 (D.C.Cir.1985).

Order 12356 sets out both substantive and procedural criteria for withholding information. In order to withhold information under Exemption 1 of the FOIA, the government must demonstrate that the information "is in fact, properly classified pursuant to both procedural and substantive criteria" contained in the Executive order. S.Rep. No. 1200, 93d Cong., 2d Sess. 12 (1974); *see also Lesar v. U.S. Department of Justice*, 636 F.2d 472, 483 (D.C.Cir.1980).

Section 1.5 of Executive Order 12356 governs the procedures for classification. It provides that classified documents be marked with the level of classification, the identity of the original classifying official, the agency and office of origin, and the date or event for declassification or the notation "Originating Agency's Determination Required." The affidavit and index of Louis J. Dube states that each document

designated as properly classified and withheld under Exemption 1 fully complies with these procedural requirements. Dube Affidavit, § 1.

Executive Order 12356 states that information shall be classified if it concerns one of the ten substantive categories of information set forth in section 1.3 of the order, and if the release of such information "reasonably could be expected to cause damage to national security." Section 1.3(b). Mr. Dube declares in his affidavit that the classified information at issue in this case fulfills the substantive criteria of Executive Order 12356. Dube Affidavit ¶ 6(a).

■ The two affidavits of Mr. Dube, along with the extensive Document Disposition Index, clearly describe each document and give specific justifications for nondisclosure. *See Halperin v. CIA*, 629 F.2d 144, 148 (D.C.Cir.1980) (agency decision entitled to great deference where supported by sufficient detail). After conducting its de novo review, the Court is satisfied that the affidavits and the *Vaughn* Index demonstrate "a logical connection between the information the claimed exemption." *Salisbury v. United States*, 690 F.2d at 970; Dube Affidavit, §§ I, II; Supplemental Affidavit at ¶ 4; *see also Mead Data Central, Inc. v. United States Department of Air Force*, 566 F.2d 242, 261 (D.C.Cir.1977).

Summary judgment is in order where an agency's affidavits "'describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption' . . . and 'are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Abbots v. Nuclear Regulatory Commission*, 766 F.2d at 606 (quoting *Salisbury v. United States*, 690 F.2d at 970 and *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981)); *see also Lesar v. United States Department of Justice*, 636 F.2d at 481. The record reveals no bad faith on the defendant's part, and the plaintiff has not shown that the information was classified

improperly. Accordingly, the Court finds that the CIA has invoked properly Exemption 1 to withhold information specifically authorized under the criteria established by Executive Order 12356.

*Exemption 3*

█ Exemption 3 of the FOIA exempts from disclosure matters that are

specifically exempted from disclosure by statute ..., provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). The defendant invokes the protection of Exemption 3 independently of its coextensive claim under Exemption 1. *See Gardels v. CIA*, 689 F.2d 1100, 1107 (D.C.Cir.1982) ("Exemption 3 is independent of Exemption 1 and may be invoked independently.") At the risk of being redundant, the Court addresses the Exemption 3 claim despite having already found that the CIA properly invoked Exemption 1, *supra.* Exemption 3 casts a much wider net than the more technical Exemption 1 as the Supreme Court's recent decision in *CIA v. Sims*, —— U.S. ——, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985), makes clear.

The CIA relies on Section 102(d)(3) of the National Security Act of 1947, 50 U.S.C. § 403(d)(3), in invoking Exemption 3. *See also* Dube Affidavit, §§ I, II, V–VIII. Section 102(d)(3) of the National Security Act directs the Director of the CIA to protect intelligence sources and methods from unauthorized disclosure. It is well settled that section 102(d)(3) of the National Security Act qualifies under Exemption 3. *Gardels v. CIA*, 689 F.2d at 1103; *Military Audit Project v. Casey*, 656 F.2d at 736–37 n. 39.

The Supreme Court in *Sims* held that section 102(d)(3) of the National Security Act encompasses *all* "sources" used by the CIA to collect information related to its "intelligence function," whether or not the "sources" are classified or were even prom-

ised confidentiality. "The legislative history of § 102(d)(3) also makes clear that Congress intended to give the Director of Central Intelligence broad power to protect the secrecy and integrity of the intelligence process." *CIA v. Sims*, —— U.S. ——, 105 S.Ct. at 1888.

The plaintiff had relied on a narrower interpretation of section 102(d)(3) in *Sims v. Central Intelligence Agency ("Sims I")*, 642 F.2d 562 (D.C.Cir.1980) and *Sims v. Central Intelligence Agency ("Sims II")*, 709 F.2d 95 (D.C.Cir.1983), *cert. granted*, 465 U.S. 1078, 104 S.Ct. 1438, 79 L.Ed.2d 759 (1984). Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 7–9. There, the appeals court ruled that the term "intelligence sources and methods" is limited to individuals and institutions who provide information the CIA needs to perform its intelligence function that the agency could not reasonably expect to obtain without guaranteeing confidentiality to those who provide it. *Sims I*, 642 F.2d at 571; *Sims II*, 709 F.2d at 97.

Rejecting that interpretation, the Supreme Court stated:

Section 102(d)(3) does not state ... that the Director of Central Intelligence is authorized to protect intelligence sources only if such protection is needed to obtain information that otherwise could not be acquired. Nor did Congress state that only confidential or nonpublic intelligence sources are protected.... Congress simply and pointedly protected all sources of intelligence that provide, or are engaged to provide, information the Agency needs to perform its statutory duties with respect to foreign intelligence.

*CIA v. Sims*, —— U.S. at ——, 105 S.Ct. at 1888. In addition, the Court finds that the CIA has demonstrated, by affidavits and the extensive *Vaughn* Index, that "release of the requested information can reasonably be expected to lead to unauthorized disclosure of sources and methods." *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009, 1015 n. 14 (D.C.Cir.1976); Dube Affidavit ¶ 6(b), § II; *see also* Plaintiff's

Second Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment at 2.

*Exemptions 5 and 6*

Exemption 5 of the FOIA permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Supreme Court has held that this exemption protects the " 'decision making processes of government agencies' " and includes " 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.' " *National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (citations omitted).

There is a two-pronged test to determine whether a document may be withheld under Exemption 6. First, the document must be part of a "personnel" file, a "medical" file, or a "similar" type of file. 5 U.S.C. § 552(b)(6). Second, the disclosure of such a file must constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *See Department of the Air Force v. Rose,* 425 U.S. 352, 370–82, 96 S.Ct. 1592, 1603–09, 48 L.Ed.2d 11 (1976).

The plaintiff raises no opposition to the documents or segments of documents withheld under the authority of these two objections. Accordingly, the Court need not address the matter.

### C. *Information Subject to Prior Official Disclosure*

The plaintiff contends that some details of the USNSA–CIA relationship were disclosed in hearings before a Senate committee in 1976. Senate Select Committee to Study Government Operations with Respect to Intelligence Activities, Final Report. S.Rep. ©o. 755, 94th Cong., 2d Sess. [1976] Book I ("Church Committee Report"). Plaintiff also contends that these

details do not appear in the material released to the plaintiff. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 23.

It is well established that specific information cannot be withheld if it has been the subject of prior "official and documented disclosure." *Afshar v. Department of State,* 702 F.2d 1125, 1133 (D.C.Cir.1983). The plaintiff must demonstrate that the withheld information has already been specifically revealed to the public and that it appears to duplicate that being withheld. *Dow, Lohnes & Albertson v. Pres. Com. on Broadcasting to Cuba,* C.A. 82–0929 (D.D.C., Jan. 23, 1984), slip op. at 15; *see also Afshar v. Department of State,* 702 F.2d at 1133.

■ The Court finds that the plaintiff's contentions do not suffice to defeat the defendant's motion for summary judgment. The plaintiff's claims here are unsupported by factual submissions controverting the defendant's affidavits. *See Miller v. Casey,* 730 F.2d at 777; *Military Audit Project v. Casey,* 656 F.2d at 738. The USSA makes general assertions of prior disclosure, but they do not posit that particular information has been disclosed publicly. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 24–25. Such assertions are insufficient to meet the plaintiff's burden. *Dow, Lohnes & Albertson v. Pres. Com. on Broadcasting to Cuba,* C.A. 82–0929, slip op. at 15.

### III. *Conclusion*

Mandatory disclosure under the FOIA is limited to those agency records which fall outside the exemptions enumerated in 5 U.S.C. § 552(b). Where an agency demonstrates that requested records are not within the purview of the Act or are protected by one or more statutory exemptions, the suit is at an end. 5 U.S.C. § 552(a)(4)(B). Here, the legal principles are clear. The affidavits and accompanying Document Index supporting the defendant's motion demonstrate that the documents which have been withheld, or partially withheld, are exempt from disclosure under the

FOIA and that there are no genuine issues of material fact. *See Abbots v. Nuclear Regulatory Commission*, 766 F.2d at 606 (weight of the evidence); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970) (standard for summary judgment).

The Court grants the defendant's motion for summary judgment. An appropriate order is attached.

## ORDER

Upon consideration of the defendant's motion for summary judgment as to plaintiff's request for documents under the Freedom of Information Act ("FOIA"), plaintiff's opposition thereto, defendant's reply, supplemental briefings by both parties, the *Vaughn* index filed by the defendant, affidavits of both parties; and the entire record herein, and for the reasons stated in the accompanying opinion, it is by the Court this 25th day of October 1985,

ORDERED that summary judgment is granted in favor of the defendant as to plaintiff's request for documents under the FOIA; and it is further

ORDERED that this case is dismissed.