MOBIL OIL CORPORATION,
Plaintiff–Appellee,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
Defendant–Appellant.

No. 88–1900.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 1989.

Decided July 19, 1989.

---

Mark Stern, Dept. of Justice, Washington, D.C., for defendant-appellant.

Paul T. Gough, Straw and Gilmartin, Santa Monica, Cal., for plaintiff-appellee.

Before HUG, WIGGINS and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

The Environmental Protection Agency ("EPA") appeals the district court's grant of summary judgment in favor of Mobil Oil Corporation ("Mobil") in which the district court ordered the EPA to produce documents requested by Mobil under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). We address the question of whether the EPA waived its right to invoke statutory exemptions to Mobil's request for documents under FOIA by its release of related documents to Mobil and third parties.

## FACTS AND PRIOR PROCEEDINGS

Mobil, pursuant to FOIA, requested a number of documents from the EPA relating to an alleged 1983–85 air pollution violation by Mobil at its Bakersfield, California polystyrene foam manufacturing facility. The agency produced some, but not all of the requested documents, asserting that the withheld documents were statutorily exempted from FOIA's disclosure requirements.

Mobil brought suit against the EPA, seeking the production of the withheld records. Based on an index provided by EPA, Mobil requested six documents and portions of two others. Both parties moved for summary judgment on the issue of whether the requested documents were properly withheld under FOIA.

Although Mobil did not dispute that one group of documents was within the scope of the exemptions to FOIA, it claimed that EPA had waived the exemptions as to all documents in this group by releasing related documents to a third party. In addition, Mobil argued that the EPA waived nondisclosure of a summary of civil penalty calculations by releasing to Mobil related calculations in another document. As to two other documents, Mobil claimed that the responses given by the EPA did not conform with the court's order.

The district court's order dismissed as moot the portion of Mobil's suit regarding documents as to which claims had been withdrawn. The court granted Mobil's motion for summary judgment as to all the documents in controversy. The court held: "[n]one of the documents ordered produced or disclosed are exempt from disclosure under any provisions of 5 U.S.C. § 552(b)(5) or (b)(7) on the ground that defendant has waived these exemptions." Production of the documents was stayed pending appeal by agreement of the parties.

The parties represent in their briefs that the appeal is limited to the following documents:

Document 7: This document consists of one page of notes recorded by the EPA's attorney at a settlement conference among the EPA, Mobil, and the Department of Justice on February 3, 1987.

Document 11: This document consists of a three-page summary of civil penalty calculations, created by the EPA's attorney Zabel and Sung Pak, of the air management division. It is dated February 3, 1987.

Document 17: The portion of this document at issue is an attachment to a litigation report, dated September 30, 1986, pre-

pared by the EPA and circulated to the Department of Justice. This two-page civil penalty worksheet dealt with the EPA's assessment of the case against Mobil's Bakersfield facility, and contains a preliminary determination of penalties.

## DISCUSSION

### I

■ Under FOIA, a federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in 5 U.S.C. § 552(b). *See United States v. Weber Aircraft Corp.,* 465 U.S. 792, 793–94, 104 S.Ct. 1488, 1489, 79 L.Ed.2d 814 (1984). The exemptions are permissive, and an agency may voluntarily release information that it would be permitted to withhold under the FOIA exemptions. *See Chrysler Corp. v. Brown,* 441 U.S. 281, 290–94, 99 S.Ct. 1705, 1711–14, 60 L.Ed.2d 208 (1979). Here, the EPA relies on two of the applicable exemptions to support its withholding of the documents at issue: exemption 5, which in part protects attorney work product generated by agencies,[1] and exemption 7(A), which exempts from FOIA certain investigatory records gathered for enforcement purposes.[2]

■ The district court found that although the materials fell within the asserted exemptions, the EPA had waived its right to claim these exemptions by releasing related materials to a third party. In this appeal, Mobil does not suggest that the district court erred in determining that the materials were exempt from disclosure under FOIA exemptions 5 and 7. Instead, Mobil contends that the exemptions were waived by EPA by its release of related documents to a third party and EPA's release of related documents to Mobil during the course of this litigation.

The inquiry into whether a specific disclosure constitutes waiver is fact specific. *See Carson v. United States Dep't of Justice,* 631 F.2d 1008, 1016 n. 30 (D.C.Cir. 1980) ("the extent to which prior agency disclosures may constitute a waiver of the FOIA exemptions must depend both on the circumstances of prior disclosure and on the particular exemptions claimed"). Here, we conclude that EPA did not waive its exemptions as to any of the disputed documents. There is no evidence in the record that the documents that are the subject of this appeal were ever revealed to Mobil or to any third party. Implying a waiver of exemption for these documents based on the release of related documents to Mobil or to third parties would be contrary both to the case law on waiver and to the policies underlying FOIA and its exemptions.

### *Case Law on Waiver*

Voluntary disclosure of documents, either in whole or in part, to third parties has sometimes been held to waive FOIA exemptions for those documents. *See, e.g., North Dakota v. Andrus,* 581 F.2d 177, 180–82 (8th Cir.1978); *Mead Data Central, Inc. v. United States Dep't of the Air Force,* 566 F.2d 242, 253 (D.C.Cir.1977);

---

**1.** Exemption 5 makes FOIA inapplicable to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Supreme Court has interpreted this provision as "incorporat[ing] the privileges which the Government enjoys under the relevant statutory and case law in the pretrial discovery context." *Renegotiation Bd. v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed. 2d 57 (1975). Exemption 5 "exempt[s] those documents, and only those documents, normally privileged in the civil discovery context." *NLRB v. Sears,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975). The attorney work product privilege, included in exemption 5, "include[s] the working papers of the agency

attorney and documents which would come within the attorney-client privilege if applied to private parties." *See Sears,* 421 U.S. at 154, 95 S.Ct. at 1518.

**2.** Exemption 7 removes from FOIA's disclosure provisions certain investigatory records gathered for enforcement purposes. In order for the exemption to apply one of six enumerated harms must be shown. 5 U.S.C. § 552(b)(7). The legislative history of the provision reveals that its purposes are to prevent premature discovery by a defendant in an enforcement proceeding and to keep confidential the procedures by which an agency conducts its investigation and by which it obtains information. S.Rep. No. 813, 89th Cong., 1st Sess. at 10 (1965).

*Julian v. United States Dep't of Justice,* 806 F.2d 1411, 1419 n. 7 (9th Cir.1986) (alternative holding), *aff'd,* 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). *See also Department of the Air Force v. Rose,* 425 U.S. 352, 357 n. 4, 96 S.Ct. 1592, 1597 n. 4, 48 L.Ed.2d 11 (1976).

However, Mobil cites no case and we have found none in which the release of certain documents waived the exemption as to other documents. On the contrary, the circuits that have addressed this issue generally have found that the release of certain documents waives FOIA exemptions *only for those documents released.* For example, in *Cooper v. Department of Navy,* 594 F.2d 484 (5th Cir.), *cert. denied,* 444 U.S. 926, 100 S.Ct. 266, 62 L.Ed.2d 183 (1979), the Fifth Circuit found that by releasing an endorsement to an aircraft accident report to a third party, the Navy waived any FOIA exemption for this particular portion of the report. However, the court explicitly found that the confidentiality of the rest of the report had not been compromised, and concluded: "[t]he [released section's] confidentiality has been waived and it must be disclosed; that of the remainder of the [report] has not been ... and it need not be." *Id.* 594 F.2d at 488.

Similarly, a District of Columbia district court has established a legal standard for waiver of further confidential treatment of an exempt document that requires that the requester demonstrate "that the withheld information has already been *specifically* revealed to the public and that it appears to *duplicate* that being withheld." *United States Student Ass'n v. CIA,* 620 F.Supp. 565 (D.D.C.1985) (emphasis added); *see Dow, Lohnes & Albertson v. Presidential Comm'n,* 624 F.Supp. 572 (D.D.C.1984). This standard has been affirmed generally by the D.C. Circuit. *See Afshar v. Department of State,* 702 F.2d 1125, 1133 (D.C. Cir.1983).

Other courts have reached similar conclusions. *See Stein v. Dep't of Justice,* 662 F.2d 1245, 1259 (7th Cir.1981) (holding that "[b]y exercising its discretion to make public some classified documents, [the government] does not waive any right it has to withhold other properly classified documents of a similar nature"); *Nissen Foods, Co. v. NLRB,* 540 F.Supp. 584, 586 (E.D.Pa.1982) ("the scope of any waiver [under exemption 5] is defined by, and coextensive with, the breadth of the prior disclosure"); *Peck v. United States,* 514 F.Supp. 210, 213 (S.D.N.Y.1981) (limiting waiver to those sections of a report that had already been released in part).

### Policy Considerations

The policies underlying FOIA's statutory scheme also support our holding that agency release of certain documents in a litigation environment does not necessarily waive any applicable exemption as to other documents. Implying such a waiver could tend to inhibit agencies from making any disclosures other than those explicitly required by law because voluntary release of documents exempt from disclosure requirements would expose other documents in the litigation to risk of disclosure. An agency would have an incentive to refuse to release all exempt documents if it wished to retain an exemption for any documents.

Although the language of subsection (b) explicitly exempts documents in the covered categories from FOIA disclosure requirements, readily finding waiver of confidentiality for exempt documents would tend to thwart the underlying statutory purpose, which is to implement a policy of broad disclosure of government records. *Cf. Chrysler Corp.,* 441 U.S. at 290–94, 99 S.Ct. at 1711–14 (holding that FOIA exemptions are not mandatory bars to disclosure, because the purpose of FOIA is to provide broad disclosure of government documents).

In addition, the policy underlying FOIA exemptions militates against a finding of waiver in this case. The policy underlying the exemption of certain categories of documents from FOIA disclosure requirements is that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson,* 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982).

Concerns about forced disclosure of exempt materials are lessened when the agency voluntarily has released that specific information. Here, there is no such voluntary disclosure of the materials at issue, and the concerns underlying the carving out of FOIA exemptions weigh heavily.

## II

With these principles in mind, we turn to an examination of each of the disputed documents, evaluating for each Mobil's claim that the EPA waived its exemption.[3]

### Document 7

Mobil contends that the release to a third party of documents 2 and 4, consisting of attorney notes generated by the EPA attorney Zabel at enforcement conference sessions held December 5, 1985 and February 20, 1986 and the release to Mobil of other documents from enforcement sessions, waived any exemption for document 7, which also consisted of notes generated by the EPA attorney Zabel at a settlement conference on February 3, 1987.

Documents 2 and 4 were released when an attorney, apparently with no connection to this litigation, requested and received pursuant to a FOIA request a number of documents relating to the notice of violation issued to Mobil on October 16, 1985, including documents 2 and 4. Mobil argues that these released documents were identical to the withheld document 7 except for the fact that document 7 was created at another enforcement conference session.

This distinction is crucial. Even if the documents were identical in format, in that they all consisted of handwritten notes taken at various enforcement conference sessions, it seems unlikely that they were identical in content, because each document concerned a different session. As noted above, a finding of waiver generally re-

quires that the specific information or document sought have been released previously.

Mobil also claims that the five enforcement conferences are properly viewed as a single enforcement conference, adjourned and then reconvened. However, the EPA differentiates the various meetings involving itself and Mobil, arguing that documents 1–6 concerned conferences regarding the existence and possible correction of the alleged violation, while documents 7 and 11 were generated in connection with a February 1987 settlement meeting, requested by Mobil in order to avoid a civil penalty action by resolving the penalty amount. Even if the EPA's characterization of the meetings is incorrect, Mobil cites no authority suggesting that the a waiver has occurred when other documents, differing in content from those requested, but created at the same meeting, have been released.

Mobil also appears to argue that the release of documents 2 and 4 implicitly authorized the release of other documents, such as document 7. Mobil suggests that had the third party who received documents 2 and 4 made his request after the later conference "there is no reason to believe that the EPA would not have once again provided him with *all* documents in the file" (emphasis in original). This counterfactual speculation does not advance the waiver argument. Document 7 did not yet exist when documents 2 and 4 were released and the release did not purport to cover future documents. Thus, it is difficult to construe the release of documents 2 and 4 as authorizing the release of document 7.

Finally, Mobil argues that because the EPA voluntarily provided Mobil with many of the other relevant documents in the litigation, it has waived any claim of exemp-

---

**3.** In addition, Mobil claims that documents should be treated generically for purposes of waiver, citing *Campbell v. Department of Health and Human Services*, 682 F.2d 256, 265 (D.C.Cir. 1982). However, *Campbell* involves the application of exemptions, not waiver of those exemptions, and is thus inapplicable to the facts before us.

Mobil also claims that the enforcement conferences for which the documents were produced were mandated by the Clean Air Act. However, Mobil also appears to assess correctly the relevance of this contention, stating in its brief that "this fact matters little."

tion to document 7. As noted above, neither the case law nor the policies underlying FOIA and its exemptions support this argument.

### Document 11

■ To the extent that Mobil argues that the exemption as to document 11 is waived by the release of documents 2 and 4 to a third party or the release of other documents to Mobil, the analysis is the same as for document 7. Production of document 11 is not waived on that basis.

Mobil also claims that the release to Mobil of document 10, a one-page summary of civil penalty calculations, waived any exemption for document 11, which consisted of a summary of similar calculations. If the information contained in the released document was the same as that in the withheld document, the cases cited above might support a finding of waiver.

The EPA argues that document 11 can be differentiated from document 10, and thus release of the one to Mobil does not waive the FOIA exemption as to the other. Document 10 "was prepared specifically for the purpose of settlement negotiations and was intended to be released to Mobil." By contrast, document 11 was "prepared for internal use to analyze and clarify settlement strategy."

Even if the two documents contain the same information, the release of one under these circumstances does not require waiver of the other. In a related context, the deliberative process privilege protection under exemption 5 is available to a draft document regardless of whether it differs from its final version. As one court has noted, there "is no merit to [the] argument that in order to establish the privileged character of a draft, [an agency] must show to what extent the draft *differs* from the final document." The effect of this would be to expose what occurred in the deliberative process between the draft's creation and the final document's issuance. *Exxon Corp. v. Department of Energy*, 585 F.Supp. 690, 698 (D.D.C.1983) (emphasis in original). *See also Russell v. Department of the Air Force*, 682 F.2d 1045,

1049 (D.C.Cir.1982) ("a simple comparison between the pages sought and the official document would reveal" an agency decision maker's judgment); *Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 86 (2d Cir.1979) ("If the segment appeared in the final version, it is already on the public record and need not be disclosed. If the segment did not appear in the final version, its omission reveals an agency deliberative process"). *But see Texaco, Inc. v. Dep't of Energy*, 2 GDS P81,296 at 81,8333 (D.D.C.1981) (ruling, without analysis to the contrary).

We extend this reasoning to the attorney work product privilege under exemption 5. Document 10, prepared for release to Mobil, expresses the EPA's public stance towards the litigation. Document 11, prepared for internal use, represents the agency's actual or bottom line position. Even if the substance of these two positions is the same, allowing Mobil to compare the two documents would permit unacceptable delving into the EPA's legal evaluation of the case against Mobil.

### Document 17

In the district court Mobil did not advance a waiver theory as to the disputed portion of document 17, a two-page civil penalty worksheet attached to a September 1986 litigation report to the Justice Department. Nonetheless, the district court apparently found waiver as to this document.

Based on the analysis above, we reject Mobil's argument on appeal that the EPA's exemption claim for document 17 is waived by the release of related documents to Mobil or to third party. Mobil also claims that the release of part of document 17 waived the claim of exemption as to the attachment at issue. However, Mobil does not contend that the attachment is the same as or even similar to the released portions of the document and release of an attachment to a document has been found to waive the exemption only for that attachment. *See Cooper*, 594 F.2d at 484. We therefore reject Mobil's claim that the EPA waived the exemption for the civil penalty worksheet attachment by its release of other

portions of the document to which this worksheet was attached.

### III

Because we conclude that the FOIA exemptions for all three documents in question have not been waived by any prior disclosure, the decision of the district court is

REVERSED.