**Michael G. SWAN and Teletek, Incorporated, Appellants,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Appellee.**

No. 95–5376.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 9, 1996.

Decided Oct. 1, 1996.

Deborah Kravitz, Washington, DC, argued the cause for appellants. With her on the briefs was Frank C. Razzano.

James A. Brigagliano, Assistant General Counsel, Securities and Exchange Commission, Washington, DC, argued the cause for appellee. With him on the brief were Richard H. Walker, General Counsel, Richard M. Humes, Associate General Counsel, and Paul Gonson, Solicitor.

Before: GINSBURG, RANDOLPH, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The staff of the Securities and Exchange Commission is conducting a formal investigation, begun in January 1994, to determine whether there have been violations of the federal securities laws. Witnesses have been interviewed, documents subpoenaed and testimony taken. Michael G. Swan, Teletek, Inc., and others are, as the Commission puts it, "involved." During the early stages of this ongoing inquiry, Herbert M. Jacobi, Esq., represented Swan and Teletek. After replacing Jacobi with other counsel,

Swan and Teletek sent a Freedom of Information Act (5 U.S.C. § 552) request to the Commission, asking for copies of all records relating to statements Jacobi had made to the Commission staff about them. When the Commission denied their request, Swan and Teletek sued in district court to compel production. Judge Robertson refused to permit them to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) and granted summary judgment in favor of the Commission.

The Commission's refusal to honor the FOIA request rested on exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which excludes "records or information compiled for law enforcement purposes" to the extent that production "could reasonably be expected to interfere with enforcement proceedings." The declaration of an attorney in the Commission's Division of Enforcement explains why releasing these records might interfere with the investigation and any resulting enforcement proceeding. According to the declaration, Jacobi represented not only Swan and Teletek, but also six other people and entities in connection with this matter, and may himself have participated in the transactions under examination. The records encompassed within the FOIA request disclose the identities of witnesses, contain information obtained from sources other than Swan and Teletek, and reflect the Commission staff's selective recording of Jacobi's statements, revealing the scope and focus of the investigation. Producing these records would risk allowing those under Commission scrutiny to tailor their testimony, intimidate witnesses, manufacture favorable evidence, and conceal damaging evidence. On its face, the declaration seems to satisfy the burden exemption 7(A) imposes on the Commission. *See, e.g., NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239–42, 98 S.Ct. 2311, 2325–27, 57 L.Ed.2d 159 (1978); *Alyeska Pipeline Serv. Co. v. EPA,* 856 F.2d 309, 310–13 (D.C.Cir. 1988); *Willard v. IRS,* 776 F.2d 100, 102–03 (4th Cir.1985).

Rather than contesting the declaration directly, Swan and Teletek insist that these records are outside exemption 7(A) because they reflect statements of their attorney while he represented them. The idea is that information their attorney conveyed to the Commission must be treated as coming from them. How, then, can giving them information they provided "interfere" with the Commission's "enforcement proceedings"? Interference, they say, could result only if the requester would wind up learning something new.

Swan and Teletek's argument contains more than a few holes. They cannot know for certain what Jacobi said to the Commission, so it is hardly correct for them to say they are merely requesting information they already possess. Also, there is no reason to suppose that everything Jacobi said amounted to a representation on their behalf. Jacobi had other clients and he appears to have a personal stake in the Commission's inquiry. At any rate, the position Swan and Teletek advance embodies a mistaken legal theory.

FOIA does not make distinctions based on who is requesting the information. Records, if not exempt, must be made "promptly available to any person." 5 U.S.C. § 552(a)(3). Whether exemption 7(A) protects against disclosure to "any person" is a judgment to be made without regard to the particular requester's identity. "Except for cases in which the objection to disclosure is based on a claim of privilege and the person requesting disclosure is the party protected by the privilege, the identity of the requesting party has no bearing on the merits of his or her FOIA request." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 771, 109 S.Ct. 1468, 1480–81, 103 L.Ed.2d 774 (1989). We have cited *Reporters Committee* for "the principle of disregarding the identity of the requester" in FOIA cases. *Schwaner v. Dep't of the Air Force,* 898 F.2d 793, 798 (D.C.Cir.1990). *See also Reed v. NLRB,* 927 F.2d 1249, 1252 (D.C.Cir.1991); *North v. Walsh,* 881 F.2d 1088, 1096–97 (D.C.Cir.1989). Since the exemption the Commission invoked does not rest on a claim of privilege, the *Reporters Committee* principle dictates that the requesters' identities are of no significance. Whether exemption 7(A) applies depends instead on the character of the records and the interference with "enforcement proceedings"

one could reasonably expect to result from releasing those records to anyone, not just to Swan and Teletek. It is therefore of no moment if the agency's records reflect statements of the requesters' attorney, of some other agent of the requesters, or of the requesters themselves.

The reasons for this are not far to seek. FOIA directs agencies to make information "available to the public." 5 U.S.C. § 552(a). Federal agencies receive hundreds of thousands of these requests each year. It would be an administrative nightmare if disclosure turned on who was making the request. For one thing, the agencies may not know who ultimately will receive the information. Attorneys and agents are in the business of filing FOIA requests for others. Once records are released, nothing in FOIA prevents the requester from disclosing the information to anyone else. The statute contains no provisions requiring confidentiality agreements or similar conditions. Furthermore, agencies could hardly be expected to conduct investigations into the circumstances of individual requesters. Agencies, and hence courts, must evaluate the risk of disclosing records to some particular FOIA requester not simply in terms of what the requester might do with the information, but also in terms of what anyone else might do with it.

Neither *Campbell v. Department of Health & Human Services*, 682 F.2d 256 (D.C.Cir.1982), nor *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C.Cir.1980), stands for any different proposition, as Swan and Teletek contend. Both cases were decided before the Supreme Court's *Reporters Committee* decision set down the principle we have been discussing. *Campbell* and *Coastal States Gas* indicate that when records requested under FOIA contain only information already known to someone under government investigation, the government will often be unable to establish that exemption 7(A) applies. If the target of the investigation—the one who might use the information to intimidate witnesses, destroy evidence, and so forth—already has the information, public access to it is unlikely to interfere with law enforcement proceedings. *Campbell* and *Coastal States*

*Gas* thus set forth the unremarkable proposition that in an exemption 7(A) case it may be relevant who the target of an investigation is and what the target knows. This is entirely consistent with the holdings in *Reporters Committee* and in our later decisions that the *requester's* identity is irrelevant.

As to Swan and Teletek, they are not the only ones caught up in the Commission's investigation. In determining whether releasing these records could, in exemption 7(A)'s terms, "reasonably be expected to interfere with enforcement proceedings," the Commission therefore rightly evaluated the request on the basis that the information would become public and available to everyone, including others under Commission scrutiny. The Commission also had ample grounds for believing that Swan and Teletek themselves could have used the information to impede the investigation. One may suppose that some of Jacobi's statements originated with Swan and Teletek. During at least some of his encounters with the Commission, Jacobi acted as Swan and Teletek's attorney, and it is likely that some of his statements to the Commission involved repeating information he had learned from them. But this scarcely means that the Commission's records of even those statements contain nothing not already known to Swan and Teletek. The Commission's records reveal what the Commission staff thought important and worth recording and, by negative implication, what the staff thought unimportant. The records could reveal much about the focus and scope of the Commission's investigation, and are thus precisely the sort of information exemption 7(A) allows an agency to keep secret. Under similar circumstances, other courts have held that government records of a target's own statements, much less statements of the target's attorney, fall within exemption 7(A). *See, e.g., Willard v. IRS*, 776 F.2d 100, 102–03 (4th Cir.1985); *Linsteadt v. IRS*, 729 F.2d 998, 1004–05 (5th Cir.1984); *see also Gould Inc. v. General Serv. Admin.*, 688 F.Supp. 689, 704 & n. 37 (D.D.C.1989).

All that remains is the objection of Swan and Teletek to the district court's denial of their discovery motion, filed under Federal

Rule of Civil Procedure 56(f). This ruling, they say, prevented them from disputing material facts about the capacity in which Jacobi acted when he communicated with the Commission, about the sources of Jacobi's information, and about the Commission's "motive, intent, and purpose" in its dealings with Jacobi. *See* Plaintiffs' Statement of Facts as to Which There Are Genuine Issues, and Rule 56(f) Request for Relief at 1–2. For the reasons already given, we view it as immaterial whether Jacobi always acted as Swan and Teletek's attorney whenever he met the Commission's staff. The sources of Jacobi's information are also irrelevant. The harm in releasing this information flows mainly from the fact that it reflects the Commission staff's selective recording of Jacobi's statements and thereby reveals the scope and focus of the investigation. Even if Jacobi made all of his statements to the Commission in his capacity as Swan and Teletek's attorney, which seems quite implausible, and even if he merely relayed information provided to him by Swan and Teletek, which is just as unlikely, the Commission still has shown that the requested records fall within exemption 7(A)'s protection.

As to discovery into the Commission's "motive, intent, and purpose," Swan and Teletek charge that the Commission improperly allowed Jacobi to represent multiple parties and to act as an attorney for others while he himself was under investigation, and that a Commission attorney improperly interviewed Teletek's president when the company's attorneys were not present. We express no view about whether this alleged misconduct would have any impact on an enforcement action against Swan and Teletek. It is enough to say that the allegations are not material to the Commission's denial of their FOIA request. They have cast no doubt on the truth of the Commission's declaration. Nothing in the record suggests any dishonesty by the Commission or gives us any reason to suspect that the Commission is trying to conceal its own misconduct. Indeed, the Commission's declaration is the source of Swan and Teletek's evidence that Jacobi represented multiple parties and was himself under investigation. Including such information in a declaration submitted to a court is hardly consistent with a cover-up. No other misconduct, the details of which are unknown and possibly embarrassing to the Commission, is alleged. Swan and Teletek thus failed to demonstrate why they needed discovery to adduce, in the words of Rule 56(f), "facts essential to justify" their summary judgment opposition.

*Affirmed.*