# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 19, 2011 Decided December 9, 2011

No. 10-5330

WILLIAMS & CONNOLLY,
APPELLANT

v.

SECURITIES AND EXCHANGE COMMISSION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00651)

*Simon A. Latcovich* argued the cause for appellant. With him on the briefs were *Robert M. Cary* and *Christopher R. Hart*.

*Michelle Lo*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: GINSBURG,[*] *Circuit Judge*, and EDWARDS and RANDOLPH, *Senior Circuit Judges*.

[*] As of the date this opinion was published, Judge Ginsburg had taken senior status.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: The United States prosecuted Walter A. Forbes for securities fraud. Forbes's first two trials resulted in hung juries; the third resulted in a verdict of guilty. Cosmo Corigliano and Kevin Kearney testified as government witnesses in each trial. The Securities and Exchange Commission had been investigating Corigliano and Kearney for related securities violations. During and after the criminal proceedings, Forbes's defense counsel – Williams & Connolly LLP – sent Freedom of Information Act, 5 U.S.C. § 552, requests to the SEC. The requests sought, among other things, the notes of SEC staff members taken during their conversations with Corigliano, Kearney, and their attorneys. The SEC refused to disclose the notes. After Forbes's conviction, Williams & Connolly sued the SEC to compel production. The district court denied the law firm's motion for *in camera* review of the notes and granted the SEC's motion for summary judgment.

The SEC identified 114 sets of notes fitting Williams & Connolly's FOIA request. The agency's refusal to turn over these documents rested on FOIA exemption 5. This entitles an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975). The exemption encompasses evidentiary privileges such as the work-product privilege and the deliberative process privilege, both of which the SEC claims apply in this case. *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 316, 321 (D.C. Cir. 2006); *Burka v.*

*U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996).

The work-product doctrine protects from disclosure materials "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A); *see also Upjohn Co. v. United States*, 449 U.S. 383, 398 & n.7 (1981); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947); *McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, 647 F.3d 331, 341 (D.C. Cir. 2011). Although work product protection may be overcome for cause in civil cases, FED. R. CIV. P. 26(b)(3)(A)(i) & (ii), any materials disclosed for cause are not "routinely" or "normally" discoverable and, for that reason, are exempt under FOIA. *FTC v. Grolier Inc.*, 462 U.S. 19, 26-27 (1983); *Sears, Roebuck & Co.*, 421 U.S. at 149; *Martin v. Dep't of Justice*, 488 F.3d 446, 453 (D.C. Cir. 2007). Williams & Connolly does not dispute that the 114 sets of SEC notes are work product and ordinarily would be protected from disclosure under exemption 5. But the firm claims work-product protection has been waived.

During Forbes's criminal trial, the Department of Justice disclosed to Williams & Connolly 11 of the 114 sets of notes, along with thousands of other documents. The prosecution apparently released the documents pursuant to Federal Rule of Criminal Procedure 16, which obligates the government to disclose documents that (1) are material to the defendant's case or (2) will be used at trial. FED. R. CRIM. P. 16(a)(1)(E)(i) & (ii). The disclosure, Williams & Connolly argues, waived work product protection – and thus exemption 5 – not only for the documents that were released, but also for the remaining 103 sets of SEC notes.

Two questions are thus presented. First, what to do about the eleven sets of notes previously released? Second, what impact does that disclosure have on the rest of the notes? As to the first question, an agency has no obligation to release documents to a requester when another agency has already given the same requester the same documents. *See Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam). Once the documents are released to the requesting party, there no longer is any case or controversy. *See Carlisle Tire & Rubber Co. v. U.S. Customs Serv.*, 663 F.2d 210, 214 & n.14 (D.C. Cir. 1980). Because the Department of Justice already turned over to Williams & Connolly eleven sets of notes pursued in this appeal, the controversy is moot with respect to those documents. *Boyd v. Criminal Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 385 n.1 (D.C. Cir. 2007); *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 19-20 (D.C. Cir. 1984).

As to the remaining 103 sets of notes, we do not believe the SEC has waived work product protection or that the Justice Department's action in the criminal trial had that effect. It is true that if a party voluntarily discloses part of an attorney-client conversation, the party may have waived confidentiality – and thus the attorney client privilege – for the rest of that conversation *and* for any conversations related to the same subject matter. *See In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989); *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982). It may also be that if a party voluntarily introduces part of a trial-preparation document memorializing a conversation with a witness, the party cannot claim work product protection to shield the rest of the conversation. *But see Mehl v. EPA*, 797 F. Supp. 43, 47-48 (D.D.C. 1992). The rule of completeness may itself demand introduction of the entire conversation. *Cf.* 8 WIGMORE ON EVIDENCE § 2328, at 638 (McNaughton rev. 1961) (analogizing partial disclosure and waiver to the rule of completeness); FED R. EVID. 106. But it

does not follow that an agency's decision to release some documents protected by the work product privilege waives FOIA exemption 5 for all of the agency's similar documents. "The purposes of the work product privilege . . . are not inconsistent with selective disclosure – even in some circumstances to an adversary." *In re Sealed Case*, 676 F.2d at 818; *see also Pittman v. Frazer*, 129 F.3d 983, 988-89 (8th Cir. 1997). Thus, "disclosure of some documents does not necessarily destroy work-product protection for other documents of the same character." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 530 (3d ed. 2010).

Williams & Connolly argues that the SEC "has made no effort to distinguish the subject matter of the documents produced [in the criminal trial] from the documents not produced." But there is no reason why the SEC had any obligation to offer such a distinction. The decision of the Justice Department to disclose the eleven sets of notes in the criminal proceeding has no bearing on whether FOIA permits the SEC to withhold the remaining 103 documents. In criminal trials, evidentiary privileges may give way for any number of reasons. *See Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999). The government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to produce evidence favorable to the accused is one example. *See Boyd*, 475 F.3d at 390. The prospect that the prosecution might use the item in its case-in-chief is another. *See* FED. R. CRIM. P. 16(a)(1)(E)(ii). Trade-offs in negotiations between the prosecution and the defense may also result in the release of government work product. Whatever the reason, the notes not turned over in Forbes's criminal trial still remain – as Williams & Connolly admits – work product material not ordinarily discoverable in civil proceedings. That is, the 103 sets of notes are still within FOIA exemption 5.

Williams & Connolly never provides us with a persuasive reason why the disclosure of documents by one government agency waives work product protection for other documents held by another government agency. The theory may be that for purposes of disclosure, the Justice Department and the SEC must treat similar documents similarly. But even if the theory were generally sound, which we very much doubt for reasons stated next, it would not apply here. As we just mentioned, disclosure in criminal trials is based on different legal standards than disclosure under FOIA, which turns on whether a document would usually be discoverable in a civil case. Similar documents, in other words, are not – indeed must not be – treated similarly in the two different types of proceedings.

To uphold Williams & Connolly's waiver theory would be to impinge on executive discretion and to deter agencies from voluntarily honoring FOIA requests. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 361-62 (1976). There can be no doubt that agencies frequently turn over documents even though FOIA may not strictly require them to do so. In light of the enormous volume of FOIA requests – nearly 600,000 in fiscal year 2010 – it is easy to see why agencies would operate in this manner. An agency may decide to produce otherwise privileged documents because the documents are innocuous. Or the agency may determine that in light of the difficulty of establishing a document's exemption under FOIA, it would not be worth fighting over. Or the agency may release documents because the agency already has so many FOIA cases pending that it – or the Justice Department – does not want to take on more cases unless important documents or legal principles are at stake. Courts have held, with respect to classified documents, that in "exercising its discretion to make public some classified documents, [the government] does not waive any right it has to withhold other properly classified documents of a similar nature." *Stein v. Dept' of Justice*, 662 F.2d 1245, 1259 (7th Cir.

1981); *see also Military Audit Project v. Casey*, 656 F.2d 724, 753-54 (D.C. Cir. 1981). The same is true with respect to work product material under FOIA exemption 5. *See, e.g.*, *Mobil Oil Corp. v. EPA*, 879 F.2d 698, 701 (9th Cir. 1989).

We end with a few words about Williams & Connolly's argument that *in camera* review was necessary to determine whether the withheld information (1) could be used for a collateral attack on Forbes's conviction or (2) was material to Forbes's defense. The argument rests on a mistaken view of the law. FOIA does not draw distinctions based on who is requesting the information, or for what purpose. Whether exemption 5 applies is a judgment "to be made without regard to the particular requester's identity," except in limited situations not relevant here. *Swan v. SEC*, 96 F.3d 498, 499-500 (D.C. Cir. 1996). It does not matter why the requester seeks the information, what the requester plans to do with it, or what harm the requester might suffer from not getting the information. *See Swan*, 96 F.3d at 500; *Reed v. NLRB*, 927 F.2d 1249, 1252 (D.C. Cir. 1991). For reasons we explained in *Swan*, 96 F.3d at 500, requiring agencies and courts to explore the requester's circumstances and review documents accordingly would create an administrative nightmare. If Williams & Connolly believes that its client should have received the notes during his criminal trial, FOIA is neither a substitute for criminal discovery, *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1177 (D.C. Cir. 2011), nor an appropriate means to vindicate discovery abuses, *Boyd*, 475 F.3d at 390. The district court therefore did not abuse its discretion in refusing to conduct *in camera* review. *See Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009).

\* \* \*

Because the work product privilege has not been waived, the 103 sets of disputed notes are protected by exemption 5. We

therefore need not consider whether the documents are also within the deliberative process privilege.  The judgment of the district court is

*Affirmed.*