BLD-099                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3414
_____

JAMES S. BIEAR,
                              Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-13-cv-03501)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: February 9, 2017)
_____

OPINION*
_____

PER CURIAM

        James Steven Biear, a federal prisoner proceeding pro se, appeals from the District

Court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 2241. For the following reasons, we will summarily affirm the District Court's order.

## I.

On November 23, 2009, federal authorities in the Southern District of New York arrested Biear and charged him with ten counts of money laundering, wire fraud, and related offenses stemming from a fraud scheme.[1] The next day, on November 24, 2009, federal authorities released him on bail into the custody of New York state authorities to answer to state criminal charges. On January 4, 2010, Biear was temporarily returned to federal custody pursuant to a writ of habeas corpus ad prosequendum to face the federal charges. He was ultimately convicted of all ten counts and sentenced to 120 months of imprisonment, followed by four years of supervised release.[2] Biear remained in federal custody until April 2, 2012, when he was transferred back to New York authorities. On August 16, 2012, Biear was convicted in the New York Supreme Court of Falsely Reporting an Incident, N.Y. Penal Law § 240.50, and sentenced to a term of "time served." That same day, Biear was returned to permanent federal custody to serve the remainder of his federal sentence.

Several months later, while serving his sentence at Fort Dix, Biear filed a request for an administrative remedy challenging the Bureau of Prison's (BOP) sentence

---

[1] According to the superseding indictment, Biear worked as a driver and personal assistant for Kenward Elmslie, the heir to the Pulitzer fortune. From May 2005 through September 2007, Biear carried out a scheme to defraud Elmslie of his artwork, money, and other valuable property. Biear then used the proceeds of the crimes committed against Elmslie to defraud other victims.

[2] The judgment was silent as to its relationship, if any, to the pending New York action.

2

computation. Specifically, Biear argued that he was entitled to credit against his federal sentence for all the time he spent in custody prior to the start of his federal sentence—that is, from November 24, 2009, the day of his arrest, through August 15, 2012, the day before his federal sentence commenced. The BOP: (1) awarded credit for the day of his arrest, November 24, 2009; (2) denied credit for the time Biear spent in custody from November 24, 2009, through November 23, 2010, because that period was credited toward his New York sentence;[3] and (3) awarded credit for Biear's remaining time in custody, from November 24, 2010, through August 15, 2012.

Biear also sought credit toward his federal sentence for the time credited to his state sentence by requesting the BOP to designate, nunc pro tunc, the state prison as a federal place of confinement. The BOP denied the request based on Biear's criminal history and institutional disciplinary records, as well as the sentencing judge's recommendation against extending any additional leniency. See 18 U.S.C. § 3621(b).

In June 2013, Biear filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey challenging the BOP's sentencing determinations. The District Court reviewed the record and found no error. Therefore,

---

[3] The BOP explained that, although the state sentenced Biear to "time served," his term of imprisonment could not exceed one year because the underlying conviction was subject to a one-year maximum. See N.Y. State Penal Law §§ 240.50, 70.15(1). Thus, the BOP determined that Biear was in state custody from November 24, 2009, the day of his arrest, until one-year later, November 23, 2010.

3

by order entered August 2, 2016, the District Court denied the petition. This timely appeal followed.[4]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[5] A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to a federal prisoner who, like Biear, challenges the execution of his sentence. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See id. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.3 (3d Cir. 2005).

We will summarily affirm the District Court's order because this appeal does not present a substantial question. See Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court correctly upheld the BOP's calculation of Biear's federal release date. First, the BOP properly determined that Biear's federal sentence commenced on August 16, 2012, when the New York court sentenced him to "time served," discharged him from New York custody, and released him into the exclusive custody of federal authorities. See 18 U.S.C. § 3585(a). Next, the BOP properly granted Biear custody credit for: (1) the day of November 23, 2009, the date federal authorities arrested him and released him into state

_____

[4] The record reflects that Biear subsequently sought reconsideration of the District Court's decision, and that, by order entered September 1, 2016, the District Court denied his request. That order is not presently before us. See Fed. R. App. P. 4(a)(4)(B)(ii).

[5] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

4

custody; and (2) the period from November 24, 2010, the day after his one-year state sentence expired, through August 15, 2012, the day before his federal sentence commenced. See 18 U.S.C. § 3585(b). The BOP also properly declined to double-count the one-year period (from November 24, 2009, through November 23, 2010) that was credited to his New York sentence. See 18 U.S.C. § 3585(b) (providing that a federal inmate may not receive credit against his federal sentence for prior custody that has been "credited against another sentence"). Lastly, we agree with the District Court that the BOP did not abuse its "wide discretion" in denying Biear's application for a nunc pro tunc designation. See Barden v. Keohane, 921 F.2d 476, 482-83 (3d Cir. 1990).

We have reviewed Biear's arguments on appeal and conclude that they are unpersuasive.

III.

Accordingly, we will summarily affirm the District Court's judgment.[6]

---

[6] To the extent that Biear includes in his Notice of Appeal a request for appointment of appellate counsel, his request is denied as moot.