Rutigliano v. U.S. Dep't of Justice

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

Joseph Rutigliano,

       *Plaintiff-Appellant*,

    v.                                                       20-1407-cv

United States Department of Justice,

       *Defendant-Appellee.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JOSEPH W. RYAN JR., Law Offices of Joseph W. Ryan Jr., Melville, NY. |
| FOR DEFENDANTS-APPELLEES: | VINCENT LIPARI, Assistant United States Attorney (Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, *on the brief*), *for* Seth D. DuCharme, Acting |

United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joseph Rutigliano sued the United States Department of Justice ("DOJ") seeking an order under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, compelling DOJ to produce a "prosecution declination memorandum" from the United States Attorney's Office for the Eastern District of New York. After cross-motions for summary judgment, the district court entered judgment in favor of the government and dismissed Rutigliano's complaint. The district court concluded that the memorandum was exempt from FOIA's disclosure obligations by 5 U.S.C. § 552(b)(5), which incorporates traditional discovery privileges. Specifically, the district court concluded that the memorandum was exempt under both the attorney work product doctrine and the deliberative process privilege. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* the District Court's grant of summary judgment in an FOIA suit." *N.Y. Times Co. v. U.S. Dep't of Justice*, 939 F.3d 479, 488 (2d Cir. 2019). FOIA generally allows the public to see documents generated by an agency unless one of the Act's exemptions applies. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). Exemption 5 allows agencies to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "Courts universally read this provision to mean that agency documents that would be privileged in ordinary civil discovery are also protected from disclosure under FOIA. Specifically, Exemption 5

incorporates three judicially-developed (*i.e.*, common law) privileges: the attorney-client privilege, the deliberative process privilege, and the attorney work product privilege." *N.Y. Times*, 939 F.3d at 488 (citations omitted).

Rutigliano appears to argue that Exemption 5 does not cover the prosecution declination memorandum based on his view that the memorandum is exculpatory evidence that the government was required to turn over under *Brady v. Maryland*, 373 U.S. 93 (1983). But "FOIA is neither a substitute for criminal discovery, nor an appropriate means to vindicate discovery abuses." *Williams & Connolly v. S.E.C.*, 662 F.3d 1240, 1245 (D.C. Cir. 2011) (citations omitted). DOJ met its burden to show that the memorandum falls within the work product and/or deliberative process privileges. DOJ's declaration, which is "sufficient to sustain the agency's burden" and "accorded a presumption of good faith," states facts supporting the applicability of both privilege doctrines. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). As stated in the DOJ declaration, the memorandum is attorney work product because it is a communication "between the AUSA . . . and his supervisor" that contains the AUSA's "personal evaluations and opinions pertinent to the investigation," "mental impressions," and the office's "investigative strategies," all prepared in anticipation of litigation. Supp. App'x at 20; *see N.Y. Times*, 939 F.3d at 489. Likewise, it is protected by the deliberative process privilege because it is a pre-decisional, intra-agency document memorializing "deliberations concerning an assessment of the facts that were gathered during the Grand Jury investigation." Supp. App'x at 20; *see Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005). The memorandum is exempt from FOIA disclosure under Exemption 5 because it is protected by the work product doctrine and the deliberative process privilege. Exemption 5 is a "categorical" protection that exempts privileged materials from disclosure even if, in non-FOIA litigation, the underlying privilege could be

qualified or overcome. *FTC v. Grolier Inc.*, 462 U.S. 19, 28 (1983) ("Only by construing [Exemption 5] to provide a categorical rule can the Act's purpose of expediting disclosure by means of workable rules be furthered."). FOIA does not include a special rule for *Brady* material. The district court thus properly dismissed Rutigliano's complaint.

Finally, we reject Rutigliano's contention that the district court abused its discretion by not conducting an *in camera* review of the memorandum. "When the agency meets its burden by means of affidavits, *in camera* review is neither necessary nor appropriate." *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) (quoting *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

We have considered the remainder of Rutigliano's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court