**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3093
_____

JAMES S. BIEAR,
                              Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-01488)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2025
Before:  HARDIMAN, MATEY, and CHUNG, Circuit Judges

(Opinion filed May 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James S. Biear appeals pro se from orders entered in an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, denying his motion to reopen and his motion for reconsideration of that denial. We will affirm.

Because the parties are familiar with the background of this case, we will revisit the facts only as they are relevant to our analysis. Biear filed an action in the United States District Court for the Middle District of Pennsylvania, challenging responses to his FOIA requests for records pertaining to himself.[1] Ultimately, the District Court issued separate decisions that, among other things, required the Department of Justice's Criminal Division and the Federal Bureau of Investigation (FBI) to provide Biear with certain previously withheld material. See Biear v. United States Dep't of Justice, 684 F. Supp. 3d 296, 313, 316 (M.D. Pa. 2023); Biear v. United States Dep't of Justice., 2023 WL 4868443, at *8-11 (M.D. Pa. July 31, 2023). We affirmed the decision pertaining to the FBI.[2] See Biear v. Att'y Gen., 2024 WL 837039, at *2 (3d Cir. Feb. 28, 2024) (not precedential).

Shortly thereafter, Biear filed a letter-motion in the District Court, asking it to reopen the case to determine if the defendants "completed [their] FOIA obligation

---

[1] Biear sought records related to his prosecution in federal court for money laundering, wire fraud, and related offenses. Biear v. Warden Fort Dix FCI, 679 F. App'x 93 (3d Cir. 2017.) "According to the superseding indictment, Biear worked as a driver and personal assistant for Kenward Elmslie, the heir to the Pulitzer fortune. From May 2005 through September 2007, Biear carried out a scheme to defraud Elmslie of his artwork, money, and other valuable property." Id. at 93 n.1.

[2] Biear did not appeal the District Court's decision regarding the Criminal Division's response.

pursuant to the Court's most recent order(s)." The Criminal Division and the FBI responded, arguing that the case should remain closed. Biear filed a reply brief. The District Court denied relief, stating that the "record is clear that [Biear] was provided with all documents required by Court Order" and that Biear "present[ed] no cognizable basis to reopen this case." Biear timely filed a motion for reconsideration which the District Court denied. Biear timely appealed.[3]

We conclude that the District Court properly rejected the arguments that Biear made in his letter-motion and reply brief. In response to the District Court's 2023 decision, the Criminal Division released with redactions ten documents that previously had been withheld in full. Biear "disagreed" with that response. It is clear from the redacted documents themselves and from the Vaughn index[4] filed in the District Court that the withheld information consisted only of the names of government employees and individuals in unrelated Criminal Division cases involving Mutual Legal Assistance Treaties. Redaction of that information was proper. See Davin, 60 F.3d at 1060 (stating that "in the usual circumstance, an individual's privacy interest in not having his or her identity revealed in the context of a criminal or national security investigation overrides

---

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Biear's appeal from the denial of his timely post-judgment motion "brings up the underlying judgment for review," we will review both the District Court's order denying reopening and the order denying Biear's motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).

[4] A Vaughn index "correlate[es] each withheld document, or a portion thereof, with a specific exemption and relevant part of an agency's justification for nondisclosure." Davin v. United States Dep't of Justice, 60 F.3d 1043, 1047 n.1 (3d Cir. 1995) (citing Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).

the public benefit").

Biear also claimed that the FBI continued to redact the name of Kenward Elmslie, see note 1, *supra*, who had died during the FOIA litigation. A deceased individual has diminished personal privacy interests. See Davis v. DOJ, 460 F.3d 92, 97-98 (D.C. Cir. 2007). Here, after reviewing the documents *in camera*, the District Court carefully described the references to Elmslie that needed to be disclosed, but noted that "in many cases, his name and information must remain redacted because their disclosure would invade the privacy of another individual." See Biear, 2023 WL 4868443, at *8-11 & n.10. Biear's letter-motion and reply brief did not identify any specific instances where the FBI masked Elmslie's name in violation of the District Court's directives. Thus, the District Court properly rejected his challenge to the redaction of Elmslie's name in the documents reprocessed by the FBI.[5]

The District Court also correctly denied Biear's request that it "investigat[e]" the "extraordinary delay" between the issuance of its opinion in July 2023 and the FBI's disclosure of the reprocessed records in March 2024. But the District Court had not provided a deadline for the FBI to reprocess the records, and Biear offered no basis for his assertion that the FBI acted "mischievously." Biear's letter-motion and reply brief also raised issues related to documents produced by the Executive Office for United

---

[5] To the extent that Biear complains that the FBI is withholding exculpatory evidence, we note that the "FOIA is neither a substitute for criminal discovery nor an appropriate means to vindicate discovery abuses." Williams & Connolly v. SEC, 662 F.3d 1240, 1245 (D.C. Cir. 2011).

States Attorneys (EOUSA), to the 'legality' of how the FBI obtained the documents, and to the fairness of the criminal case against him. But because these challenges are unrelated to enforcement of the judgments in the underlying FOIA action, the District Court properly rejected them. Cf. Peacock v. Thomas, 516 U.S. 349, 354, 358 (1996) (stating that "we have cautioned against the exercise of jurisdiction over proceedings that are 'entirely new and original,' ... or where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree" (citations omitted)). Finally, to the extent that Biear challenges the denial of his motion for reconsideration, we discern no abuse of discretion, as that motion failed to allege "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677.

Accordingly, we will affirm the judgment of the District Court.